## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LANCE ADENIJI,<br>7605 Wethersfield Pl.<br>Beltsville, Maryland 20705 | )<br>)<br>)<br>) |
|          Plaintiff, | )<br>) |
| v. | )     **Civil Action No. _____**<br>) |
| FIRST COAST SECURITY SOLUTIONS, INC.,<br>1 Independent Dr., No. 117<br>Jacksonville, Florida 32202 | )<br>)<br>)<br>) |
|          Defendant. | )<br>) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C § 1446, Defendant First Coast Security Solutions, Inc. ("Defendant") invokes the jurisdiction of this Court under 28 U.S.C. § 1332, and states the following grounds for removal:

1.     On January 31, 2014, Plaintiff Lance Adeniji ("Plaintiff") commenced a civil action against Defendant by filing a Complaint in the Superior Court of the District of Columbia (Civil Action No. 2014 CA 000630 B).  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, documents, and orders of which Defendant is aware are attached as Exhibit 1.

2.     On March 12, 2014, Defendant was served with the Complaint through its registered agent.

3.     Plaintiff is a citizen of Maryland.  In the caption of Plaintiff's Complaint, Plaintiff provides a Maryland address below his name.  (*See* Complaint ("Compl.")).  Further, in his Complaint, Plaintiff alleges that he "is a resident of Prince George's County, Maryland." (Compl., ¶ 2).

4.     Defendant is incorporated in the State of Florida (*See* Declaration of Darrin Finley at ¶ 4, attached as Exhibit 2). Its principal place of business including the core of its business operations and management are in the State of Florida.  (*See* Declaration of Darrin Finley at ¶ 4). Defendant is not incorporated in the District of Columbia and it does not maintain its principal place of business there.  (*See* Declaration of Darrin Finley at ¶ 4).  Under 28 U.S.C. § 1332(c)(1), Defendant is a citizen of Florida, but not the District of Columbia.

5.     In his Complaint, Plaintiff seeks to recover compensatory damages of at least $80,000.  (Compl. at p. 6).

6.     Pursuant to 28 U.S.C. § 1332(a), the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.   Here, Plaintiff is a citizen of Maryland.  Defendant is a citizen of a different state, namely Florida.  Plaintiff seeks to recover at least $80,000 in damages.  Accordingly, this Court has diversity jurisdiction in this action under 28 U.S.C. § 1332(a).  Under 28 U.S.C. § 1446, Defendant may remove this action to this Court.

7.     Defendant has not served any answer or responsive pleading to Plaintiff's Complaint, nor made any appearance or argument before the Superior Court of the District of Columbia in this matter.

8.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within thirty (30) days after receipt by Defendant of the initial pleading, and before any proceedings were had concerning the Complaint in the Superior Court of the District of Columbia.

9.    Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

10.    Contemporaneously with this filing, Defendant is also filing a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).  A true and correct copy of the Notice of Filing of Notice of Removal is attached as Exhibit 3.  Promptly upon this filing, Defendant will give written notice of the removal of this action to Plaintiff by serving him as further required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this action be removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.


Dated:  March 28, 2014                         Respectfully submitted,


                                               /s/
                                               Garen E. Dodge (D.C. Bar No. 370582)
                                               JACKSON LEWIS P.C.
                                               10701 Parkridge Blvd., Suite 300
                                               Reston, Virginia 20191
                                               Phone: (703) 483-8300
                                               Fax: (703) 483-8301
                                               DodgeG@jacksonlewis.com

                                               *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on March 28, 2014, a true and accurate copy of the foregoing *Notice of Removal* was electronically filed with the Clerk's Office using this court's CM/ECF system and was served by U.S. mail, postage prepaid, upon the following:

Theodore S. Allison, Esq.
Karr & Allison, P.C.
1250 Connecticut Ave., N.W.
Suite 200
Washington, D.C. 20036

*Counsel for Plaintiff*

_/s/_____
Garen E. Dodge (D.C. Bar No. 370582)
JACKSON LEWIS P.C.
10701 Parkridge Blvd., Suite 300
Reston, Virginia 20191
Phone: (703) 483-8300
Fax: (703) 483-8301
DodgeG@jacksonlewis.com

*Counsel for Defendant*

4