# EXHIBIT 1

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| Lance Adeniji, an individual,<br>7605 Wethersfield Pl.<br>Beltsville, MD 20705<br><br>Plaintiff,<br>v.<br><br>First Coast Security Solutions, Inc.<br>1 Independent Dr., No. 117<br>Jacksonville, FL 32202<br><br>Serve:<br><br>Incorp. Services Inc.<br>1090 Vermont Avenue NW, Suite 910<br>Washington, DC<br><br>Defendant. | ) | Case No. 14-0000630 |

RECEIVED
Civil Clerk's Office
JAN 31 2014
Superior Court of the District of Columbia
Washington, D.C.

**COMPLAINT**
**(Discrimination)**

Plaintiff, Lance Adeniji, for his complaint against Defendant, alleges:

1. This is an action for discriminatory refusal to hire in violation of the D.C. Human Rights Act.

2. Plaintiff is an individual and a resident of Prince George's County, Maryland.

3. Plaintiff is informed and believes, and based thereon alleges, that defendant First Coast Security Solutions, Inc. ("First Coast"), is a Florida corporation doing business in the District of Columbia.

4. Plaintiff is informed and believes, and based thereon alleges, that First Coast was awarded a contract by the U.S. Federal Protective Service ("FPS") in or about December, 2012, to provide security guard services at the Department of Justice offices at 810 7th St., NW, Washington, DC, beginning in February, 2013. Before First Coast entered into this contract,

plaintiff had been employed as a security guard at the same site, on a full time basis, by an affiliate of First Coast, known as American Security. Plaintiff is a highly experienced security guard, and has served as a supervisor (with the rank of captain) for companies such as Paragon and SecTec. At all times during his employment by American Security, plaintiff's performance was exemplary.

5. The applicable Security Guard Information Manual, issued by FPS, sets forth the necessary elements of the role and duties of the contract security guard at a federal facility. While the manual provides detailed standards for the personal appearance of guards, it does not dictate the length of a male guard's hair, providing only that hair must be clean and neat, and not over the top of his collar when standing. The manual permits the use of hairpins (without regard to gender), and allows a guard to wear a "bouffant" or "modified bush" hairstyle so long as it does not interfere with the proper wearing of headgear.

6. Plaintiff's hairstyle at all times conformed fully to the specifications of the FPS manual.

7. Plaintiff is informed and believes, and based thereon alleges, that the COTR (or other federal representative on this contract) had no concerns about the length or style of plaintiff's hair, and therefore, that First Coast, as a contractor to FPS, could have no legitimate business reason for holding its employees to a higher standard than that recognized by the federal government, especially in an area impinging upon protected civil rights.

8. First Coast failed and refused to complete the hiring of plaintiff on or about February 1, 2013, for the sole reason that plaintiff was unwilling to cut his hair.

9. Since the events in paragraph 8, First Coast has admitted that plaintiff is fully qualified and otherwise eligible to be hired, but has continued to fail and refuse to complete the hiring of plaintiff. An agent of First Coast discontinued the process of hiring plaintiff shortly after

plaintiff engaged legal counsel to send a letter to First Coast demanding his hiring, and acknowledged that he was aware of such letter. Plaintiff is informed and believes, and based thereon alleges, that First Coast again failed and refused to hire plaintiff as a proximate result of plaintiff's engaging counsel to demand compliance with the D.C. Human Rights Act.

9. The District of Columbia Human Rights Act, §2-1401.11(a)(1), makes it an unlawful discriminatory practice for an employer in the District of Columbia to discharge or refuse to hire any individual based upon the individual's sex, personal appearance and/or race. "Personal appearance" is defined as ". . . the outward appearance of any person, irrespective of sex, with regard to bodily condition or characteristics, manner or style of dress, and manner or style of personal grooming, including, but not limited to, hair style and beards."

10. Plaintiff is informed and believes, and based thereon alleges, that First Coast refused to hire him because of his personal appearance, and further, or in the alternative, that First Coast refused to hire him because of his personal appearance as an aspect of his sex (male), and further, or in the alternative, that First Coast refused to hire him because of his personal appearance as an aspect of his race (African American). Plaintiff is informed and believes, and based thereon alleges, that the person or persons who made the hiring decision were Caucasian, male, and wore such hair as they had in a short or shaved style.

11. Section 2-1401.11(a)(1) of the Human Rights Act makes it unlawful for an employer in the District of Columbia to fail or refuse to hire any individual on the basis of race. Plaintiff is informed and believes, and based thereon alleges, in combination with, or in the alternative to, the allegations of paragraph 10, that First Coast refused to hire him because of his race, in that any official or unofficial policy regarding hair length or hair style has a disproportionate effect upon the employment of African American persons.

12. Section 2-1401.11(a)(1) of the Human Rights Act makes it unlawful for an employer in the District of Columbia to fail or refuse to hire any individual on the basis of sex. Plaintiff is informed and believes, and based thereon alleges, in combination with, or in the alternative to, the allegations of paragraphs 10 and 11, that First Coast refused to hire him because of his sex, in that any official or unofficial policy regarding hair length or hair style for male security guards is arbitrary, and discriminates against men.

**Count 1**

(Discrimination – Personal Appearance – DCHRA)

13. Plaintiff incorporates by reference the allegations of paragraphs 1 through 12 as though fully set forth here.

14. Plaintiff was subjected to discrimination on the basis of his personal appearance when he was not hired because of the length of his hair.

15. Plaintiff has suffered damages as a proximate and direct result of the discrimination, including but not limited to loss of position, and loss of earnings and benefits.

**Count 2**

(Race Discrimination – DCHRA)

16. Plaintiff incorporates by reference the allegations of paragraphs 1 through 12 as though fully set forth here.

17. Plaintiff was subjected to discrimination on the basis of his race when he was not hired for the stated reason that his hair was too long, in that enforcement of a hair length policy would have a disproportionate effect on the employment of African Americans.

18. Plaintiff has suffered damages as a proximate and direct result of the discrimination, including but not limited to loss of position, and loss of earnings and benefits.

**Count 3**

(Sex Discrimination – DCHRA)

19. Plaintiff incorporates by reference the allegations of paragraphs 1 through 12 as though fully set forth here.

20. Plaintiff was subjected to discrimination on the basis of his sex when he was not hired for the stated reason that his hair was too long, in that any hair length policy of First Coast arbitrarily treats male employees and/or applicants differently from female employees or applicants.

21. Plaintiff has suffered damages as a proximate and direct result of the discrimination, including but not limited to loss of position, and loss of earnings and benefits.

**Count 4**

(Reprisal – DCHRA)

22. Plaintiff incorporates by reference the allegations of paragraphs 1 through 21 as though fully set forth here.

23. The actions and omissions of First Coast alleged in paragraph 9 constitute unlawful reprisal against plaintiff for attempting to assert and secure for himself the rights guaranteed by the DCHRA.

24. Plaintiff has been injured as a proximate result of defendant's reprisal, in that he has lost employment, earnings and benefits.

WHEREFORE, Plaintiff prays:

1. For an injunction requiring that defendant hire and/or reinstate plaintiff to the position he would have occupied had he been hired on or about February 1, 2013, without loss of seniority;

2. For judgment against defendant for back pay and lost benefits, and for an award of future lost earnings and benefits equivalent to what plaintiff would earn through the effective date of reinstatement, in the amount of at least $30,000, according to proof at trial;

3. For compensatory damages in the amount of at least $50,000, according to proof at trial;

4. For exemplary damages against defendant, for fraudulent and malicious injury of plaintiff, according to proof at trial;

5. For reasonable attorneys' fees, interest, and costs of suit; and,

6. For such other relief as the Court deems just and proper.

Respectfully submitted,

Karr & Allison, P.C.

Theodore S. Allison

Theodore S. Allison (D.C. Bar #441089)
Karr & Allison, P.C.
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C. 20036
Telephone (202) 331-7600

Attorneys for Plaintiff

**Demand for Jury Trial**

Plaintiff respectfully requests a trial by jury on all claims stated herein which by law may be tried to a jury, pursuant to the laws of the District of Columbia, and the Constitution and Statutes of the United States.

Respectfully submitted,

Karr & Allison, P.C.

Theodore S. Allison

Theodore S. Allison (D.C. Bar #441089)
Karr & Allison, P.C.
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C. 20036
Telephone (202) 331-7600

Attorneys for Plaintiff



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LANCE ADENIJI
Vs. C.A. No. 2014 CA 000630 B
FIRST COAST SECURITY SOLUTIONS, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge CRAIG ISCOE
Date: January 31, 2014
Initial Conference: 9:30 am, Friday, May 09, 2014
Location: Courtroom 200
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Lance Adeniji
Plaintiff

vs.

Case Number 14-0000630

First Coast Security Solutions, Inc.
Serve Incorp. Services Inc.
1090 Vermont Avenue NW, Suite 910
Washington, DC
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Theodore S. Allison (DC Bar #441089)
Name of Plaintiff's Attorney

1250 Connecticut Ave. NW Ste. 200
Address
Washington, DC 20036

(202) 331-7600
Telephone

*Clerk of the Court*

By Atrina K Redmond
Deputy Clerk

Date JAN 31 2014

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, ***DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.***

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500